# ORIGINAL

**CV 17-5591**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MATSUMOTO, J.**

ROBERT HOGAN,    AKA

CHRISTOPHER PEYTON MAY-SHAW

**BLOOM, M.J.**

_____
Plaintiff,

[Insert full name of plaintiff/prisoner]

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

JURY DEMAND

YES XX      NO _____

-against-

THE CITY OF NEW YORK, NEW YORK

POLICE DEPT.,POLICE OFFICER'S

CANDICE SMITH #725, SARGEANT

BRUNO PIERRE, JOHN DOE'S 1-4 OF

THE 67TH PRECINCT

```
RECEIVED
SEP 2 1 2017
PRO SE OFFICE
```

_____
Defendant(s).

[Insert full name(s) of defendant(s). If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants. The
names listed above must be identical to those listed in Part I]

I.    **Parties:**  (In item A below, place your name in the first blank and provide your present
address and telephone number.  Do the same for additional plaintiffs, if any.)

A.  **Name of plaintiff**  CHRISTOPHER P. MAY-SHAW

If you are incarcerated, provide the name of the facility and address:

_____

_____

_____

Prisoner ID Number: REGISTER NUMBER 11506-040

1

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

THE CITY OF NEW YORK
Full Name

MUNICIPAL CORPORATION
Job Title

_____

_____
Address

Defendant No. 2

NEW YORK POLICE DEPARTMENT
Full Name

_____
Job Title

ONE POLICE PLAZA

NEW YORK, NY 10038
Address

Defendant No. 3

CANDICE SMITH BADGE NO. 725
Full Name

POLICE OFFICER   67TH PRECINCT
Job Title

2820 SNYDER AVENUE

BROOKLYN, NEW YORK 11226
Address

Defendant No. 4        SARGEANT BRUNO PIERRE
Full Name

POLICE OFFICER
Job Title

2820 SNYDER AVENUE

BROOKLYN, NEW YORK 11226
Address

Defendant No. 5        JOHN DOE'S 1-4
Full Name

POLICE OFFICERS
Job Title

2820 SNYDER AVENUE

BROOKYN, NEW YORK 11226
Address

## II.    Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need not give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? _____

SEE ATTACHED COMPLAINT

_____

_____

When did the events happen? (include approximate time and date) _____

ON JUNE 15, 2016 at approximately 4:25pm.

SEE ATTACHED COMPLAINT

_____

3

**Facts: (what happened?)** DEFENDANTS FALSELY ARRESTED AND IMPRISONED
PLAINTIFF. DEFENDANTS ILLEGALLY SEARCHED THE VEHICLE.

DEFENDANTS MALICIOUSLY PROSECUTED PLAINTIFF AND DENIED

PLAINTIFF HIS RIGHT TO A FAIR TRIAL.

SEE ATTACHED COMPLAINT

**II.A.    Injuries.**    If you are claiming injuries as a result of the events you are complaining
about, describe your injuries and state what medical treatment you required.  Was medical
treatment received?

Plaintiff has suffered mental distress, mental anguish

humiliation, embarrassment by the media, loss of liberty and

property and more.

SEE ATTACHED COMPLAINT

III.   **Relief:** State what relief you are seeking if you prevail on your complaint.

COMPENSATORY DAMAGES    (SEE ATTACHED COMPLAINT)

PUNITIVE DAMAGES        (SEE ATTACHED COMPLAINT)

REIMBURSEMENT OF LEGAL FEES, EXSPENCES, AND REIMBURSEMENT
OF LOSS OR STOLEN PROPERTY. (SEE ATTACHED COMPLAINT)

I declare under penalty of perjury that on _____, I delivered this
                                                  (date)
complaint to prison authorities at _____to be mailed to the United
                                           (name of prison)
States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9-18-17          _Christopher P. Mayshaw_____
                        Signature of Plaintiff

                        _____
                        Name of Prison Facility or Address if not incarcerated

                        _____

                        _____

                        Address

                        REG. NO. 11506-040
                        Prisoner ID#

rev. 12/1/2015

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
*************************************
ROBERT HOGAN,    AKA
CHRISTOPHER PEYTON MAY-SHAW,                CIVIL CASE #_____
                    PLAINTIFF,

     -vs-

THE CITY OF NEW YORK, NEW YORK              CIVIL RIGHTS ACTION
POLICE DEPARTMENT, POLICE OFFICER'S         UNDER §1983
CANDICE SMITH BADGE #725, SARGEANT
BRUNO PIERRE, JOHN DOE'S 1-4, OF THE
67TH PRECINCT,
                    DEFENDANTS.
*************************************
```

NOW COMES, Christopher Peyton May-Shaw, (Named Robert Hogan
in the criminal proceedings) HEREINAFTER "PLAINTIFF" hereby respect-
fully submits this §1983 Civil Action claiming Constitutional vio-
lations of the Plaintiff's Fourth, Fifth, Sixth, and Fourteenth
Amendments based on a false arrest and imprisonment, illegal
inventory search, denial of right to a fair trial, and malicious
prosecution.


In furtherance of this Civil Rights Complaint against
Defendants, Plaintiff will show this Court the following.


1

1. This is a civil litigation action seeking damages against Defendants for committing acts under the color of law, and depriving Plaintiff of rights secured by the Constitution and Laws of the United States. Defendants, while acting in their individual and official capacities as Police Officer's in the City of New York, County of Kings, State of New York, deprived Plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the property of Plaintiff without due process of law, thereby depriving Plaintiff of his rights, privileges and immunities garanteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments. This Court has jurisdiction of this action under 42 U.S.C. §1983 and under 28 U.S.C. §1343. The jurisdiction of this court is further invoked pursuant to 28 U.S.C. §1331.

2. Plaintiff is a resident of the State of Michigan, and a citizen of the United States.

3. At all relevant times, the City of New York was and still is a municipal corporation organized and existing under the laws of the state of New York, and the United States Constitution. Upon information and beleif, at all relevant times, Defendant CITY, it's agents, servants and employees operated, maintained and controlled the POLICE DEPARTMENT of the CITY, including all police officer's thereof.

4. At all relevant times, Defendant's Candice Smith Badge #725, Sgt. Bruno Pierre # unknown, and John Doe's 1-4, were at all times material to this complaint, duly appointed police officer's, employed by the CITY OF NEW YORK, in Kings County, assigned to the 67TH Precinct, located at 2820 Snyder Avenue in Brooklyn, New York.

2

5. Defendants acted in concert in the deprivation of Plaintiff's Constitutional rights.

6. Plaintiff sue's all defendants in their individual and official capacities.

First Cause Of Action

FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff repeats paragraphs 1 through 6.

7. On June 15, 2016 at approximately 4:25pm, Plaintiff was a backseat passenger of a vehicle that was stopped by Defendants Smith and Sgt. Pierre, while traveling on Avenue D, near E.31st Street, in Brooklyn New York. The vehicle was stopped by Defendants, alleging a traffic violation of tinted windows. At all times, Plaintiff was a back seat passenger, committing no crimes.

8. On the abovementioned time and date, Defendant Smith and Sgt. Pierre stepped from a NYPD van. Smith approached the driver, and Sgt. Pierre approached the passenger side of the vehicle. Patricia Morris was driving the vehicle, and Mario Gaedion was riding in the front passenger seat. Plaintiff was seated directly behind the driver, commiting no crimes and/or traffic violations.

9. Defendant Smith approached and asked the driver for her license, registration and proof of insurance. The driver provided her license while explaining to Defendant that the vehicle did not contain a printed registration and insurance, whereas the vehicles "Temporary Texas Transport Plate" needed to be ran in order to retrieve the owner's

3

information as well as insurance.

10. After a short discussion between the driver and Defendant Smith regarding the vehicles transport status to a buyer from New York and the lack of registration and insurance, Plaintiff attempted to intervene by again, explaining that the occupants of the vehicle were not the owner's and were being compensated for delivering the vehicle.

11. At this point, Defendant Smith stated to Plaintiff, "You need to be quiet, you are in the backseat...I'm talking to the driver!" Plaintiff remained quiet in the back seat while texting and attempting to call the Car Broker. Still at all times, Plaintiff did not commit a crime and/or traffic violation.

12. Subsequently, Defendant's Smith and Sgt. Pierre consulted with John Doe's 1 through 4, who had arrived on the scene, at the rear of the vehicle. Defendant Smith removed the Texas Temp Plate and reviewed it with all Defendants.

13. Defendant's finally decided to arrest the driver, and as Defendant Smith placed handcuffs on the driver, Defendant's Sgt. Pierre and John Doe's 1 through 4 assisted in ordering Plaintiff and front seat passenger out of the vehicle. Plaintiff and other passenger was ordered to stand at the rear of the vehicle, directly near the trunk. The driver was placed in Defendant's Smith and Sgt. Pierre's NYPD van.

14. At this time Plaintiff asked Defendant Sgt. Pierre, "Why is she being arrested, and what do I need to do to get her out of jail?" Plaintiff asked this question under the impression that He was not under arrest. Defendant Sgt. Pierre replied, "She will see a judge tonight, unless one of y'all want to take her place?"

15. Defendant Smith came back to the vehicle, then again, consulted with all Defendants. Subsequently, Defendant Smith told the front seat passenger, "You can start walking!" The front seat passenger began walking up Avenue D.

16. Instead of allowing Plaintiff to walk away, Defendant Smith furthered her investigation asking Plaintiff, "Where do you reside in New York?" After stating "340 E.31st Street," Defendant Smith stated, "Well you're coming with us too!" Another John Doe Defendant placed cuffs on Plaintiff.

17. Without probable cause or legal justification, Plaintiff was lead to another police vehicle by two John Doe Defendants. From the backseat of the cruiser Plaintiff asked, "Why am I being arrested?" Defendant John Doe stated, "We will tell you when we get back to the precinct." This Defendant rode in the backseat with Plaintiff, the other Defendant drove the vehicle back to the precinct.

18. Before leaving the scene of the traffic stop, Plaintiff observed Defendant Sgt. Pierre get into the driver's seat of the Porsche and drive off with it. Defendant drove that vehicle to the 67th Precinct.

19. Upon Plainitff's arrival at the 67th Precinct Defendant John Doe's lead Plaintiff to a counter, where Plaintiff remained cuffed, and searched without probable. Plaintiff was removed of the following property: (1) Cartier Sun glasses [$2,800]; (2) 3 iphones [$600]; (3) $6,737 US Currency; (4) 4 ID's, birth certificate and social security card.

20. After being searched by Jonh Doe defendant, He called

5

Defendant Smith to the counter to re-count the US Currency, and to take account of the remaining property. Defendant Sgt. Pierre was present at the counter as well supervising Defendant Smith. Nevertheless, the Cartier glasses, Iphones, and the $6,737.00 of US Currency was never vouchered or returned to Plaintiff. Defendant's intentionally and negligently converted that property to their own personal use.

21. After being unlawfully searched and removed of personal property, Plaintiff was finger printed several times. On one occassion Plaintiff asked again why he was being printed and present at the precinct, and was again told that I would be advised soon. Plaintiff was placed in a holding cell that was unsanitary, with urine and feces on the floor.

22. Plaintiff was held in the holding cell four to five hours without being advised of any charges.

23. After the long wait in the holding cell, Plaintiff was brought upstairs to an interrogation room where a white male Detective, John Doe Defendant and Defendant Smith were present.

6

24. John Doe Detective read Plaintiff his Maranda Rights. After being advised of the "inventory search" of the vehicle, and the contents found subject to that search, Plaintiff declined to talk to Defendants and requested a lawyer. The following items were allegedly discovered:

1. loaded firearm
2. receipt Books (2) [which were destroyed by Def. Smith]
3. $93,000 US Currency (trunk)
4. Marijuana
5. personal paperwork of Robert Hogan
6. Male and Female clothing (trunk)

25. After declining to speak to Defendants and requesting a attorney, the John Doe Defendant Detective became upset and stated to Plaintiff, "Okay Christopher Payton...now you're FUCKED! And you still have that outstanding warrant in Michigan...you just fucked yourself even worse!" Both Defendant's left the room.

26. Plaintiff was brought back downstairs, and placed back into the holding cell, still unaware of the charges against me.

27. Plaintiff was subsequently transfered to Central Bookings, where Plaintiff was Booked and scheduled for court that nite.

28. After being booked, Plaintiff met with a Legal Aide Attorney who finally advised Plaintiff that he was being charged with the following offenses, wholly without probable cause:

7

(1) possession of fraudulent instrument [license plate] at time of traffic stop (TPO 1); (2) possession of fraudulent instrument [ID's at precinct] (TPO 2); (3) criminal possesion of a weapon [search at precinct] (TPO 2); (4) possession of marijuana [at precinct] (TPO 2).

29. Plaintiff was arraigned on above mentioned charges on or about June 16, 2016 and held on a $75,000 bond.

30. Patricia Morris was also charged and arraigned on the following charges: (1) VTL §401(1)(A) (no registration or proof of insurance) [TPO 1]; (2) VTL §375(12) (tinted windows) [TPO 1]; (3) possession of fraudulent instrument (license plate) [TPO 1]; (4) criminal possession of a weapon (at precinct) [TPO 2]; and (5) possession of marijuana (at precinct) [TPO 2].

31. Plaintiff was transported to Rikers Island where Plaintiff slept on the concrete floor for two to three days with food and feces all over the floors and walls. Plaintiff was forced to eat meals in the holding cell with feces filled up in the toilet.

32 On or about June 21, 2016 Plaintiff was brought to the Brooklyn Supreme Court for Grand Jury. Plaintiff's Legal Aide Attorney waived Plainitff's rights to testify at the Grand Jury. Patricia Morris testified at the Grand Jury Hearing and was found not guilty and was released from custody. Although Plaintiff was brought to court for the Grand Jury, the record reflects that Plaintiff was actually indicted on or about July 12, 2016.

33. Plaintiff asserts that, after being indicted, Plaintiff

8

retained Attorney Michael A. Sheinberg, and subsequently made bail through Empire Bail Bonds.

34. Plaintiff was incarcerated for approximately 34 days before being released from Rikers Island.

35. On or about August 10, 2016 Plaintiff was remanded back into custody and held again at Rikers Island to answer the criminal charges.

36. Plaintiff asserts that several court proceedings were held before pre-trial hearings began. On November 16, 2016 a combined Mapp/Huntley/Dunaway Hearing was held in front of the Honorable Shawndya L. Simpson, Court Part-24.

37. Defendant Candice Smith was the sole witness for the People, where she willfully and intentionally testified under oath inconsistently to the charging documents, accusatory instrument, Complaint Room Screening sheet, and the Grand Jury Synopsis Sheet.

38. Defendant Smith willfully and intentionally lied under oath testifying that Plaintiff made a verbal statement that "the car was his" but never testified to this statement during the Grand Jury, nor was the falsified statement written down on Defendants memo book.

39. At the conclusion of the hearings, the Honorable Judge Simpson could not make a decision, and due to the testimony and other facts of the case, Judge Simpson requested a Memorandum of Law in support of the Suppression Motions.

40. Attorney Michael A. Sheinberg submitted the Memorandum

9

Of Law, and Plaintiff submitted several letter's to the Honorable
Judge Simpson demonstrating evidence of Plaintiff's innocence. Plain-
tiff's letter's were based on : (1) **lack of DNA on the weapon; (2)
Candice Smith's falsified evidence and testimony regarding the
location of the weapon; and (3) Smith's inventory search not being
in accordance with the Fourth Amendment or the NYPD Patrol Guide.**

41. After several more proceedings, and Plaintiff's con-
tinued incarceration at Rikers Island, Plaintiff finally received
justice.

42. On July 10, 2017, the Honorable Judge Simpson submitted
a Decision and Order Suppressing all evidence and granting the
Plaintiff's Mapp/Huntley/Dunaway hearings.

43. On or about July 19, 2017 the Assistant District Attorney
Jingu Chong moved to dismiss the indictment with nothing more to
go forward.

44. Paragraph's 1 through 43 demonstrates **false arrest and
false imprisonment.**

45. On the above date and time of arrest, Defendant's
intentionally handcuffed and arrested Plaintiff, without any just
cause, or grounds therefore, and held against his will.

46. The false arrest and false imprisonment was caused by
defendants, their agents, servants, and/or employees, without any
warrant or legal process, without authority of the law, without
any reasonable grounds or cause to beleive that Plaintiff was guilty
of such crimes, or that Defendants had just cause to arrest and

10

imprison Plaintiff.

47. Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to his arrest by Defendant's, and was forced to submit to the arrest, imprisonment and confinement entirely against his will.

48. Defendant's, as set forth above, intended to confine Plaintiff. Plaintiff was conscious of the confinement. Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

49. By reason of the above described false arrest and false imprisonment, unsanitary and unconstitutional detention at Riker's Island for ten months fighting fabricated and false felony charges, Plaintiff was subject to great indignity, humiliation, mental anguish, pain and great distress mentally and physically, and Plaintiff has otherwise been damaged.

50. By reasons of the above, Plaintiff requests to be awarded damages in the amount of $300,000 (three-hundred thousand dollars) in compensatory damages as to Defendant Smith.

51. By reason of the above willful and malicious conduct, including Defendant Smith's intent in the falsification of the criminal complaint and subsequent false testimony of finding the weapon "under the driver's seat, near the rear of the seat" where Plaintiff had been sitting was done by Defendant Smith with ill-will and intent to force, plant, or blame the weapon discovered on Plaintiff, Plaintiff requests to be awarded $175,000 in punitive damages as to Defendant Smith.

11

52. By reason of the above false arrest and false imprisonment, willful and malicious conduct, Plaintiff requests to be awarded $ 300,000 in compensatory damages as to Defendant Sgt. Pierre who approved of the actions of his partner Defendant Smith.

53. By reason of the above false arrest and false imprisonment, willful and malicious conduct, Plaintiff has been damaged and requests an award of $175,000 in punitive damages as to Defendant Sgt. Pierre. As to Defendants John Doe's 1-4, Plaintiff requests to be awarded $15,000 in compensatory damages and $10,000 punitve damages separately as to each John Doe Defendant for their failure to intervene with Plaintiff's constitutional violations from the back seat of the vehicle.

## Second Cause Of Action

## MALICIOUS PROSECUTION

54. Plaintiff repeats paragraph's 1 through 53.

55. On the above described date, times, and locations, Defendant Smith and Defendant Sgt. Pierre intentionally and recklessly initiated a criminal proceeding against the Plaintiff that lasted from June 15, 2016 until July 19, 2017, where Plaintiff appeared at 24 (twenty-four) court hearings. The criminal proceedings were terminated in Plaintiff's favor for the lack of probable cause to arrest and incarcerate Plaintiff.

12

56. By reason of the above mentioned malicious prosecution, Defendant's did violate Plaintiff's Fourth Amendment rights by initiating and commencing the criminal proceeding against Plaintiff. Defendant Smith appeared before a grand jury and intentionally and negligently misrepresented and falsified facts and evidence. Defendant Smith presented false, fraudulent and perjured testimony to the grand jury and during      the Mapp/Huntley/Dunaway hearings.

57. By reasons of the above described malicious prosecution, Plaintiff has suffered mental distress, mental anguish, loss of liberty and property, pain and humiliation.

58. Plaintiff has otherwise been damaged by the defendants malicious and unethical conduct, Plaintiff therefore requests to be awarded $500,000 (five-hundred thousand dollars) as to Defendant Smith in compensatory damages.

59. By reason of the above described malicious prosecution, Defendant Smith's fabrication and falsification of evidence, as well as her falsified testimony that Plaintiff stated the vehicle was his, along with Defendant Smith planting the weapon near Plaintiff in the charging documents, Plaintiff has been subjected to great indignity, humiliation, mental anguish, pain and extreme distress mentally and physically, embarrasment by the media (news paper).

60. By reasons of above, Plaintiff has been damaged and requests to be awarded $250,000 (two-hundred and fifty thousand) in punitive damages as to Defendant Smith.

61. By reasons of above, Plaintiff request to be awarded $250,000 in compensatory damages against Defendant Sgt. Pierre for

assisting Defendant Smith in violating Plaintiff's Fourth Amendment right to be free from any arrest made without probable cause, as well as Defendant Sgt. Pierre's failure to intervene with Plaintiff's rights being violated.

62. By reasons of above, Plaintiff requests to be awarded $100,000 in punitive damages against Defendant Sgt. Pierre. As to both Defendants, Plaintiff requests that Defendants reimburse Plaintiff the expenses of his legal fee's in the amount of $15,000, and his bail fee of $5,000, and expenses of $15,000 for travel fee's of Plaintiff's Power Of Attorney flying and traveling to New York from Michigan to visit Plaintiff at Rikers Island and to attend court proceedings on Plaintiff's behalf. Also to be reimbursed the $93,000 in U.S. currency found in violation of the Fourth Amendment that has not been returned to Plaintiff. Also to be re-imbursed for stolen property, glasses [$2,800], Iphone's [$600] and $6,737.

Third Cause Of Action

DENIAL OF RIGHT TO A FAIR TRIAL

63. Plaintiff repeats paragraph's 1 through 62.

64. Defendant Smith violated Plaintiff's right to a fair trial in violations of the Fifth, Sixth, and Fourteenth Amendments, whereby, being the investigating official, fabricated evidence that she found the weapon under the driver's seat near the rear of the vehicle where Plaintiff had been sitting, to make a jury beleive Plaintiff was in possession of the weapon, then subsequently for-

14

warded that fabricated and falsified evidence to the District Att-
orney's office, which caused Plaintiff's deprivation of his liberty
as a result.

65. Defendant Smith's fabricated evidence and false testi-
mony (at grand jury and mapp/huntley/dunaway hearings) under oath
that plaintiff made a statement that the "vehicle is his" and that
the "weapon was found near Plaintiff" was what the District Attorney's
relied upon throughout the criminal proceedings.

66. Defendant Smith's fabricated and falsified conduct is
what formed the foundation of the criminal case against Plaintiff,
and a sufficient causal connection exists between Defendant's fab-
ricated evidence and statements and Plaintiff's pre-trial detention
where Plaintiff sat for ten months on Rikers Island, fighting the
criminal proceedings.

67. By reason of above mentioned denial of right to a fair
trial, Plaintiff has been denied His Fifth, Sixth, and Fourteenth
andmendment rights, and has suffered mental distress, mental anguish,
loss of liberty and property, and humiliatation.

68. By reason of above, Plaintiff requests to be awarded
$300,000 in compensatory damages against Defendant Smith.

69. By reason of above, Plaintiff requests to awarded
$150,000 in punitive damages against Defendant Smith.

70. By reason of abovementioned denial of right to a fair
trial, Plaintiff requests to be awarded $150,000 in compensatory

15

damages against Defendant Sgt. Pierre, and $75,000 in punitive damages for Defendant Sgt. Pierre's failure to intervene with his partner's direct disregard to Plaintiff's constitutional rights.

### Fourth Cause Of Action
### ILLEGAL INVENTORY SEARCH IN VIOLATION OF 4TH AMENDMENT

71. On June 15, 2016, Defendant Smith performed an "inventory search" of the vehicle after Defendant Sgt. Pierre drove the vehicle back from the scene of the traffic stop to the 67th Precinct Station House.

72. Defendant Smith testified at the grand jury and the mapp/huntley/dunaway pre-trial hearings that she performed the inventory search of the vehicle in accordance with the New York Police Department Patrol Guide.

73. Defendant Smith searched the vehicle, alone, without the supervision of her partner Sgt. Pierre.

74. Defendant Smith searxh the vehicle, finding men and women's clothing, suit cases, cash, marijuana and a firearm.

75. According to the NYPD Patrol Guide, an officer must "inventory all items found" inside the vehicle on a separate property form to safeguard a person's personal property. The Patrol Guide mandates a meaningful "inventory list" or the search would violate the Fourth Amendment.

76. Defendant Smith violated Plaintiff's Fourth Amendment

right to be free from illegal searches and seizures when she
failed to provide a meaningful "inventory list" of all items
found during the search.

77. Defendant Smith disregarded Plaintiff's Fourth Amend-
ment right and the NYPD Patrol Guides policy when she failed to
"inventory all items located throughout the vehicle." Defendant
Smith only vouchered the evidence of a crime, which clearly demon-
strated Defendant's reasons for searching the vehicle, which
was to rummage around and search for evidence of a crime and not
to inventory the contents inside the vehicle, and safeguard the
property located within, which the Fourth Amendment and the NYPD
Patrol Guide mandates.

78. Defendant Smith testified under oath at court proceed-
ings that she followed the policy of the patrol guide, but failed
to provide a meaningful inventory list, which is the "HALLMARK
OF A INVENTORY SEARCH".

79. Following the court proceedings, the Honorable Judge
Simpson requested more "clarification" regarding the inventory
search and the patrol guide's policy. The Assistant District
Attorney's Office never responded to Judge Simpson's request.
Plaintiff provided the court with case law and a short brief/letter
explaining the policy. Subsequently, the Honorable Judge Simpson
granted Plaintiff's Mapp Hearing, declaring that the evidence
found was discovered in violation of the Plaintiff's Fourth Amendment
right.

17

80.    By reasons of Defendant Smith failing to follow the NYPD Patrol Guide, and violating Plaintiff's Fourth Amendment right, Plaintiff has suffered mental distress, mental anguish, loss of liberty and property, humiliation, seizure of funds, and embarrassment of being placed in the New York Daily News, Plaintiff requests to be awarded $300,000 in compensatory damages.

81.    By reasons of Defendant Smith's blatant disregard to the NYPD Patrol Guide and Plaintiff's Fourth Amendment rights, Plaintiff requests to be awarded $150,000 in punitive damaged due to Defendant Smith's willful and malicious conduct.

82.    By reason of above, Plaintiff seeks $150,000 in compensatory damages against Defendant Sgt. Pierre for his failure to supervise Defendant Smith, and his failure to intervene with the Fourth Amendment violation.

83.    By reasons of above, Plaintiff seeks $100,000 in punitive damages against Defendant Sgt. Pierre.

84.    The CITY is liable under the doctrine of respondent superior as to all causes of action herein.

### Fifth Cause of Action

### VIOLATIONS OF CONSTITUTIONAL RIGHTS UNDER 42.U.S.C.§1983 BY OFFICERS, IN THEIR INDIVIDUAL CAPACITIES AND AS AGENTS OF THE CITY

85.    Plaintiff repeats paragraphs 1 through 84.

86.    At all relevant times, Defendant officers were employed by Defendant City of New York and the Police Department and were acting under the color of their official capacities and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City.

87.     At all relevant times, Defendant officers were acting pursuant to orders and directives from Defendant City of New York.

88.     At all relevant times; Defendant officers acted under color and pretenses of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the Police Department and the officers were acting under the color and pretense of law, when they, individually and collectively, engaged in the illegal conduct set forth in this Complaint to the injury of Plaintiff, and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, and State of New York and 42 U.S.C.§1983.

89.     The unlawful and illegal conduct of the Defendant deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

    (a)     The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under Fourth and Fourteenth Amendments to the Constitution of the United States;

    (b)     The right of Plaintiff not to be deprived of life, liberty and property without due process of law;

    (c)     The right to be free from the denial of a fair trial under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

90.     By reasons of these violations, seizure of Plaintiff's person and property, destruction of evidence, falsification of evidence and reports, false arrest and false imprisonment, illegal inventory search, malicious prosecution, and denial of a fair trial of plaintiff, defendant Officers violated Plaintiff's rights and privileges as provided to him in the Constitution of the United States, and provided to him in the Constitution of the State of New York, and laws

thereto.  The City Defendant officers and the City of New York under the doctrine of respondent

superior, violated 42 U.S.C.§1983.

91.     As a direct proximate result of Defendant's actions, Plaintiff was subjected to

great indignities and humiliation, pain and distress of mind and body and was humiliated and

defamed thereby.  Plaintiff was also placed in the daily newspaper for further humiliation.

92.     By reasons of above, Plaintiff will continue to suffer great mental pain and

distress, fear of police officers from the actions of Defendant's, individually and collectively.

93.     By reasons of above, Plaintiff has been damaged and seeks compensatory

damages in the amount of $500,000 plus, punitive damages in the amount of $250,000, costs of

the filing of this civil complaint, attorney's fees as set forth and provided by 42 U.S.C.§1983,

and such other relief as the court may deem just and proper.

94.     Plaintiff also seeks an order returning the seized U.S. currency of $93,000, and

the reimbursement of the criminal attorney's fee of $15,000, the fee of $5,000 paid for bail to

Empire Bail Bonds, and the $15,000 in expenses for Plaintiff's Power of Attorney travel fees to

attend court proceedings that was initiated by Defendants wholly without probable cause, and

any other relief that this Court deems just.

**WHEREFORE,** IN THE INTEREST OF JUSTICE, Plaintiff request that this Honorable

Court grant the compensatory and punitive damages requested herein as a matter of law, as well

as the legal reimbursements and expenses caused by the Defendant City and its Officer's

submitted herein who willfully and maliciously violated Plaintiff's constitutional rights.

Respectfully submitted,

/s/ *Christopher P. May-Shaw*
Christopher P. May-Shaw
Newaygo County Jail
1035 James Street
PO Box 845
White Cloud, MI 49349

20

<u>CERTIFICATE OF SERVICE</u>

I, Christopher Payton May-Shaw, hereby certify that I am the Plaintiff in this Subsection 1983 Civil Action, and has forwarded the original and two copies of this Civil Complaint against The City Of New York, et al, being mailed to the Eastern District Of New York, Federal Courthouse, located at 225 Cadman Plaza East, Brooklyn, New York 11201, to the pro se office on this *18* th day of *September*, 2017.

Respectfully submitted,

/s/ *Christopher May-Shaw*

CHRISTOPHER PAYTON MAY-SHAW

26

CHRISTOPHER MAY-SHAW
REG. NO. 11506-040
Newaygo County Jail
P.O. Box 845
White Cloud, Michigan 49321

PRO-SE WRIT CLERK:

Please find enclosed the original and (2) two copies of a §1983 Civil Complaint ; forms attached.

I am currently being held at the above addressed Jail and will update this Court upon any changes. I am requesting to proceed in forma pauperis; please forward any other documents to me that is needed.

In advance, I thank you for your time and cooperation regarding this matter.

Respectfully
Christopher (May-Shaw)

enclosures