UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT HOGAN, *also known as Christopher Payton May-Shaw*,

                Plaintiff,

   -against-

CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, POLICE OFFICERS CANDICE SMITH, *Shield #725*, SERGEANT BRUNO PIERRE, and JOHN DOES 1-4, *of the 67th Precinct*,

                Defendants.
------------------------------------------------------------------X

**CORRECTED ORDER**
**17 CV 5591 (KAM)(LB)**

**BLOOM, United States Magistrate Judge:**

        The Court held an initial telephone conference on December 7, 2017 in plaintiff's civil rights action. As discussed on the record, plaintiff shall sign the § 160.50 release form and return it to the Office of Corporation Counsel ("OCC") immediately. Defendants' counsel shall prepare a mutual confidentiality order and send two copies to plaintiff by December 15, 2017; one copy for plaintiff to sign and return and one copy for plaintiff to keep for his records. The Office of Corporation Counsel shall identify the John Doe defendants in response to the Court's <u>Valentin</u> Order by January 22, 2018.[1] ECF Nos. 6, 13. The deadline for all defendants to respond to plaintiff's complaint is stayed.[2] The Court will set deadlines by which defendants shall respond to plaintiff's complaint and schedule the next conference once the John Doe defendants have been identified.

SO ORDERED.

Dated: December 11, 2017
       Brooklyn, New York

                                      /S/ Judge Lois Bloom
                                      LOIS BLOOM
                                      United States Magistrate Judge

---

[1] In my prior Order issued on December 7, 2017, the date was listed as January 22, 2017 in error.
[2] During the conference, the Court explained that the New York City Police Department is a non-suable entity. <u>Jenkins v. City of New York</u>, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Under the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. Plaintiff names the City of New York in his complaint, thus, he has named the correct entity to challenge the actions of the New York City Police Department in the incident underlying this action. In light of this explanation, plaintiff withdrew his claims against the New York City Police Department. Accordingly, the Clerk of Court is directed to terminate the New York City Police Department from this action.