UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT HOGAN AKA CHRISTOPHER PAYTON MAY-SHAW,

                                              Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER CANDICE SMITH, *Shield #275*, SERGEANT BRUNO PIERRE, POLICE OFFICER DANIEL O'HARE*, Shield #17735*, POLICE OFFICER EARL ROCHESTER, *Shield #31302*, SERGEANT KEVIN FRANCIS, *Shield #1490*, and SERGEANT JAMES BERK, *Shield #1311*,

                                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, SMITH, PIERRE, O'HARE, ROCHESTER, FRANCIS, AND BERK**

17-CV-5591 (KAM) (LB)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Candice Smith, Bruno Pierre, Daniel O'Hare, Earl Rochester, Kevin Francis, and James Berk, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to plaintiff's Complaint, dated September 21, 2017 (the "Complaint"), respectfully allege, upon information and belief, as follows:

        1.      Deny knowledge or information sufficient to form a believe as to the allegations set forth section "I" of the Complaint, entitled "Parties," including subparts as to "John Doe" defendants, except admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in section "II" of the Complaint, entitled "Statement of Claim," including subparts, except admit that plaintiff purports to proceed as stated therein.[1]

---

[1] Plaintiff writes "see attached complaint" throughout section II of his Complaint. Plaintiff has attached twenty (20) typewritten pages as pages 6-25 of his form Complaint. See Court Docket No. 1, at pp. 6-25.

3. Deny the allegations set forth in section "III" of the Complaint, entitled "Relief," except admit that plaintiff purports to seek the relief stated therein.

4. Deny the allegations set forth in the unnumbered paragraphs on page 6 of plaintiff's Complaint, except admit that plaintiff purports to proceed as stated therein.

5. Deny the allegations set forth in paragraph "1" of the Supplemental Complaint, except admit that plaintiff purports to proceed as stated therein and purports to invoke the jurisdiction of the Court as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Supplemental Complaint.

7. Deny the allegations set forth in paragraph "3" of the Supplemental Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

8. Deny the allegations set forth in paragraph "4" of the Supplemental Complaint, except admit that Candice Smith, Bruno Pierre, Daniel O'Hare, Earl Rochester, Kevin Francis, and James Berk are employed by the City of New York as police officers.

9. Deny the allegations set forth in paragraph "5" of the Supplemental Complaint.

10. Deny the allegations set forth in paragraph "6" of the Supplemental Complaint, except admit that plaintiff purports to proceed as stated therein.

---

Defendants address the allegations contained in this attachment in paragraphs 5 through 99 of this Answer, and refer herein to these additional allegations as "the Supplemental Complaint."

11. In response to the allegations set forth in the unnumbered paragraph on page 8 of the Supplemental Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

12. Deny the allegations set forth in paragraph "7" of the Supplemental Complaint, except admit that plaintiff was a back seat passenger in a vehicle that was lawfully stopped on June 15, 2016 at approximately 4:35 p.m. near Avenue D and East 31st Street in Brooklyn, New York.

13. Deny the allegations set forth in paragraph "8" of the Supplemental Complaint, except admit that plaintiff was a passenger in a vehicle that was lawfully stopped on June 15, 2016. Defendants deny knowledge or information sufficient to form a belief as to the identities of the other occupants of the car in which plaintiff was a passenger.

14. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "9" of the Supplemental Complaint, except admit that defendant Smith requested license, registration, and proof of insurance from the driver of the vehicle.

15. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "10" of the Supplemental Complaint, except admit that plaintiff attempted to speak with defendant Smith from the back seat of the vehicle.

16. Deny the allegations set forth in paragraph "11" of the Supplemental Complaint.

17. Deny the allegations set forth in paragraph "12" of the Supplemental Complaint, except admit that defendants O'Hare, Rochester, Francis, and Berk were called to the scene and were consulted regarding the license plate on the vehicle.

18. Deny the allegations set forth in paragraph "13" of the Supplemental Complaint, except admit that the driver of the vehicle was lawfully arrested and transported to the 67th Precinct. Defendants further admit that plaintiff was asked to exit the vehicle, except deny knowledge or information sufficient to form a belief as to where plaintiff was asked to stand upon exiting the vehicle.

19. Deny the allegations set forth in paragraph "14" of the Supplemental Complaint.

20. Deny the allegations set forth in paragraph "15" of the Supplemental Complaint, except admit that the front seat passenger in the vehicle was released at the scene. Defendants deny knowledge or information sufficient to form a belief as to the direction in which the front seat passenger walked following release.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Supplemental Complaint as they pertain to a conversation between plaintiff and defendant Smith, except admit that plaintiff was lawfully arrested and placed in handcuffs.

22. Deny the allegations set forth in paragraph "17" of the Supplemental Complaint, except deny knowledge or information sufficient to form a belief as to a conversation between plaintiff and two "John Doe" defendants. Defendants admit that plaintiff was transported to the 67th Precinct in an NYPD vehicle.

23. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "18" of the Supplemental Complaint, except admit that Sergeant Pierre drove the vehicle in which plaintiff was stopped to the 67th Precinct.

24. Deny the allegations set forth in paragraph "19" of the Supplemental Complaint, except admit that plaintiff was searched at the Precinct and admit that $6,747 in U.S. currency, several cell phones, sunglasses, and various forms of identification were recovered from plaintiff's person.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Supplemental Complaint, except admit that defendant Smith counted and vouchered the U.S. currency and the other items that were recovered from plaintiff's person following the search at the precinct.

26. Deny the allegations set forth in paragraph "21" of the Supplemental Complaint, except admit that plaintiff was fingerprinted at the 67th Precinct and lodged in a holding cell.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "22" of the Supplemental Complaint.

28. Deny the allegations set forth in paragraph "23" of the Supplemental Complaint, except admit that plaintiff was brought to a private room with defendant Smith and another member of the NYPD.

29. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph "24" of the Supplemental Complaint as they pertain to whether plaintiff was advised of an inventory search of the vehicle, except admit that plaintiff was read his *Miranda* rights, and admit that a loaded firearm, approximately $93,000 in U.S. currency, marijuana, clothing, and paperwork were recovered during a lawful inventory search of the vehicle in which plaintiff was stopped.

30. Deny the allegations set forth in paragraph "25" of the Supplemental Complaint.

31. Deny the allegations set forth in paragraph "26" of the Supplemental Complaint, except admit that plaintiff was re-lodged in a holding cell.

32. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Supplemental Complaint, except admit that plaintiff was transported to Brooklyn Central Booking on or about June 15, 2016.

33. Deny the allegations set forth in paragraph "28" of the Supplemental Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff met with an attorney and admit that plaintiff was charged with Criminal Possession of a Weapon in the Second and Fourth Degrees, Criminal Possession of a Firearm, Criminal Possession of a Forged Instrument in the Second and Third Degrees, and Unlawful Possession of Marijuana.

34. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "29" of the Supplemental Complaint, except admit that plaintiff was arraigned on or about June 16, 2016.

35. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Supplemental Complaint.

36. Deny the allegations set forth in paragraph "31" of the Supplemental Complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Supplemental Complaint, except admit that plaintiff was indicted by a Grand Jury on or about July 12, 2016.

38. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Supplemental Complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Supplemental Complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Supplemental Complaint, except admit that plaintiff was remanded to New York City Department of Correction custody on Rikers Island on or about August 11, 2016.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Supplemental Complaint, except admit that a combined *Huntley/Mapp/Dunaway* hearing was held in plaintiff's criminal matter on or about November 16, 2016.

42. Deny the allegations set forth in paragraph "37" of the Supplemental Complaint, except deny knowledge or information sufficient to form a belief as to the number of witnesses who were present for the prosecution at the *Huntley/Mapp/Dunaway* hearing.

43. Deny the allegations set forth in paragraph "38" of the Supplemental Complaint.

44. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Supplemental Complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Supplemental Complaint.

46. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Supplemental Complaint.

47. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Supplemental Complaint, except admit that the motion to suppress was granted.

48. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Supplemental Complaint, except admit that the charges against plaintiff were dismissed on or about July 21, 2017.

49. The allegations set forth in paragraph "44" of the Supplemental Complaint are not averments of fact and thus no response is required. To the extent a response is required, defendants deny the allegations.

50. Deny the allegations set forth in paragraph "45" of the Supplemental Complaint.

51. Deny the allegations set forth in paragraph "46" of the Supplemental Complaint.

52. Deny the allegations set forth in paragraph "47" of the Supplemental Complaint.

53. Deny the allegations set forth in paragraph "48" of the Supplemental Complaint.

54. Deny the allegations set forth in paragraph "49" of the Supplemental Complaint.

55. Deny the allegations set forth in paragraph "50" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

56. Deny the allegations set forth in paragraph "51" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

57. Deny the allegations set forth in paragraph "52" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

58. Deny the allegations set forth in paragraph "53" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

59. In response to the allegations set forth in paragraph "54" of the Supplemental Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "55" of the Supplemental Complaint, except deny knowledge or information sufficient to form a belief as to the length of the criminal proceedings against plaintiff and the number of court appearances plaintiff attended pursuant to such criminal proceedings. Defendants admit that the criminal proceedings against plaintiff were ultimately dismissed.

61. Deny the allegations set forth in paragraph "56" of the Supplemental Complaint.

62. Deny the allegations set forth in paragraph "57" of the Supplemental Complaint.

63. Deny the allegations set forth in paragraph "58" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

64. Deny the allegations set forth in paragraph "59" of the Supplemental Complaint.

65. Deny the allegations set forth in paragraph "60" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

66. Deny the allegations set forth in paragraph "61" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

67. Deny the allegations set forth in paragraph "62" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

68. In response to the allegations set forth in paragraph "63" of the Supplemental Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

69. Deny the allegations set forth in paragraph "64" of the Supplemental Complaint.

70. Deny the allegations set forth in paragraph "65" of the Supplemental Complaint.

71. Deny the allegations set forth in paragraph "66" of the Supplemental Complaint.

72. Deny the allegations set forth in paragraph "67" of the Supplemental Complaint.

73. Deny the allegations set forth in paragraph "68" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

74. Deny the allegations set forth in paragraph "69" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

75. Deny the allegations set forth in paragraph "70" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

76. Deny the allegations set forth in paragraph "71" of the Supplemental Complaint, except admit that on or about June 15, 2016 defendant Smith conducted a lawful inventory search of the vehicle in which plaintiff was stopped.

77. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "72" of the Supplemental Complaint, except admit that defendant Smith testified at the Grand Jury and *Huntley/Mapp/Dunaway* hearings related to the criminal proceedings against plaintiff.

78. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the Supplemental Complaint.

79. Deny the allegations set forth in paragraph "74" of the Supplemental Complaint, except admit that on or around June 15, 2016 defendant Smith conduct a lawful inventory search of the vehicle in which plaintiff was stopped and admit that a loaded firearm, approximately $93,000 in U.S. currency, marijuana, clothing, and paperwork were recovered during the search.

80. Deny the allegations set forth in paragraph "75" of the Supplemental Complaint.

81. Deny the allegations set forth in paragraph "76" of the Supplemental Complaint.

82. Deny the allegations set forth in paragraph "77" of the Supplemental Complaint.

83. Deny the allegations set forth in paragraph "78" of the Supplemental Complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Supplemental Complaint.

85. Deny the allegations set forth in paragraph "80" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

86. Deny the allegations set forth in paragraph "81" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

87. Deny the allegations set forth in paragraph "82" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

88. Deny the allegations set forth in paragraph "83" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

89. Deny the allegations set forth in paragraph "84" of the Supplemental Complaint.

90. In response to the allegations set forth in paragraph "85" of the Supplemental Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

91. The allegations set forth in paragraph "86" of the Supplemental Complaint are legal conclusions to which no response is required.

92. The allegations set forth in paragraph "87" of the Supplemental Complaint are legal conclusions to which no response is required.

93. Deny the allegations set forth in paragraph "88" of the Supplemental Complaint and state that to the extent paragraph "88" is a legal conclusion, no response is required.

94. Deny the allegations set forth in paragraph "89" of the Supplemental Complaint.

95. Deny the allegations set forth in paragraph "90" of the Supplemental Complaint.

96. Deny the allegations set forth in paragraph "91" of the Supplemental Complaint.

97. Deny the allegations set forth in paragraph "92" of the Supplemental Complaint.

98. Deny the allegations set forth in paragraph "93" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

99. Deny the allegations set forth in paragraph "94" of the Supplemental Complaint, except admit that plaintiff purports to seek the relief stated therein.

### FIRST AFFIRMATIVE DEFENSE

100. The Complaint and Supplemental Complaint fail, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

101. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

### THIRD AFFIRMATIVE DEFENSE

102. There was reasonable suspicion for the stop of plaintiff and probable cause for the arrest, detention, and prosecution of plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

103. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE

104. Defendants Smith, Pierre, O'Hare, Rochester, Francis, and Berk have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

105. To the extent plaintiff alleges State law claims, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), et seq.

## SEVENTH AFFIRMATIVE DEFENSE

106. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

## EIGHTH AFFIRMATIVE DEFENSE

107. Punitive damages cannot be assessed against defendant City of New York.

**WHEREFORE,** defendants City of New York, Candice Smith, Bruno Pierre, Daniel O'Hare, Earl Rochester, Kevin Francis, and James Berk demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	April 11, 2018

>	ZACHARY W. CARTER
>	Corporation Counsel of the City of
>	  New York
>	*Attorney for Defendants City, Smith, Pierre, O'Hare, Rochester, Francis, and Berk*
>	100 Church Street, Room 3-220
>	New York, New York 10007
>	(212) 356-3156
>
>	By:	/s
>	Samantha R. Millar
>	*Assistant Corporation Counsel*
>	*Special Federal Litigation Division*

Cc:	**VIA FIRST-CLASS MAIL**
	Christopher May-Shaw
	*Plaintiff* Pro Se
	Reg. No. 11506-040
	Newaygo County Jail
	1035 E. James Street
	P.O. Box 845
	White Cloud, MI 49349